UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA GALVIN and ERNIE BONIFACE,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀Plaintiffs,⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀No. 1:20-cv-230
-v-⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀Honorable Paul L. Maloney
AIRWAY AUTO LLC,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀Defendant.⠀⠀)
_____)

## ORDER DENYING MOTION TO APPROVE SETTLEMENT AGREEMENT

This lawsuit was filed under the Fair Labor Standards Act (FLSA). Plaintiffs performed retail sales work for Defendant and allege that they routinely worked more than 40 hours per week. Plaintiffs bring claims for overtime compensation; Defendant denies that Plaintiffs are due any overtime compensation.

Pending before the Court is a joint motion to approve the parties' settlement agreement (ECF No. 18). Negotiated settlement agreements in FLSA cases must be reviewed by the district court to ensure the agreement is fair and reasonable. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). The Court has reviewed the settlement agreement and concluded that it contains a release provision that prevents it from being fair and reasonable.

The release provision in Paragraph 3 of the settlement agreement is overbroad and contrary to the purpose of the FLSA. District courts are reluctant to approve FLSA settlements that contain broad release provisions. *See*, e.g., *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010). Courts describe these broad or "pervasive releases"

as side deals, where the "employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee." *Id.*

Releases of this nature are inconsistent with the purpose of the FLSA. "Put simply, in order to be compensated consistent with the FLSA, an employee cannot be compelled to surrender other rights, for doing so undermines the fundamental mandatory nature of the minimum wage and overtime protections of the Act by enabling an employer to extract a price for simply doing what the Act requires." *Briggins v. Elwood TRI, Inc.*, 3 F. Supp. 3d 1277, 1289 (N.D. Ala. 2014). However, courts have approved release provisions that are limited to the wage and hour claims asserted in the lawsuit, or where plaintiffs are paid a separate and additional sum for the broad release. *See, e.g., Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1178-79 (S.D. Cal. 2016).

The release provision in the settlement agreement before the Court waives "*any potential claims*" Plaintiffs might bring against Defendant. The release goes on to clarify that it "is intended to be a global release of any potential claims under any legal theory by statue, at law, or in equity." (Settlement Agreement, ECF No. 18-1 at ¶ 3). This language is extremely and impermissibly broad, reaching far beyond the release provisions in FLSA cases that have won court approval. *See id.* The settlement agreement does not set out a separate sum for the broad release, so the release provision is not fair or reasonable. *See id.* In all other respects, the Court finds the settlement agreement fair, reasonable, and adequate.

Accordingly, the joint motion for approval of the settlement agreement (ECF No. 18) is **DENIED**.

**IT IS SO ORDERED.**

Date:  May 21, 2020                                             /s/ Paul L. Maloney
                                                                Paul L. Maloney
                                                                United States District Judge