UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

LISA GALVIN and ERNIE BONIFACE,
individually and on behalf of all others
similarly situated,

      Plaintiffs,

  v.

AIRWAY AUTO LLC, d/b/a Airway Auto
Parts and Recycling,

      Defendant.

Case No. 20-230

Hon. Paul L. Maloney

---

| Mark S. Wilkinson (P68765) | Robb S. Krueger (P66115) |
|---|---|
| PALADIN EMPLOYMENT LAW PLLC | KREIS ENDERLE HUDGINS |
| *Attorney for Plaintiffs* |  & BORSOS PC |
| 251 North Rose Street | *Attorneys for Defendant* |
| Suite 200, PMB № 288 | P.O. Box 4010 |
| Kalamazoo, MI 49007-3860 | Kalamazoo, MI 49003-4010 |
| (tel.) 269.978.2474 | (tel.) 269.324.3000 |
| mark@paladinemploymentlaw.com | rkrueger@kreisenderle.com |

**SECOND JOINT MOTION TO
APPROVE FLSA SETTLEMENT**

Plaintiffs Lisa Galvin and Ernie Boniface and Defendant Airway Auto LLC jointly request that the Court enter an order approving their settlement agreement, which fully, fairly, and forever resolves this case. In support of their motion, the parties state that:

1. Galvin and Boniface brought this action under the Fair Labor Standards Act (FLSA) and alleged that Defendant failed to pay them overtime compensation.

2. Defendant denied those allegations, but to avoid the potential expense, inconvenience, delay, and uncertainty of further litigation, the parties have agreed to settle and fully resolve this case after extensive, comprehensive negotiations.

3. In accordance with their settlement, the parties prepared a written settlement agreement that provides for, among other things, full compensation to Galvin and Boniface for all amounts owed under the FLSA and for the payment of their attorney's fees and litigation costs. The parties agree that their settlement agreement represents a fair and reasonable compromise of a bona fide dispute under the FLSA, and the parties have revised their agreement to address the concerns raised by the Court in its May 21, 2020 order. (Order Denying Motion to Approve Settlement Agreement, PageID.73-75)

4. In accordance with the requirements of the FLSA, the parties seek the Court's approval of their settlement agreement, the terms of which contemplate the Court's approval of the settlement. 29 U.S.C. 216(c); *McConnell v. Applied Performance Technologies Inc.*, 98 F. App'x 397, 398 (6th Cir. 2004); *Walton v. United Consumers Club Inc.*, 786 F.2d 303, 306-07 (7th Cir. 1986); *Lynn's Food Stores v. United States*, 679 F.2d 1350 (11th Cir. 1982); *Cruz v. Don Pancho Market LLC*, No. 15-698, 2016 WL 4505747, at *1 (W.D. Mich. Aug. 29, 2016).

5. The parties have provided a copy of their settlement agreement for the Court's consideration as Exhibit 1. Upon approval of the settlement agreement by the Court, the parties will promptly file a stipulated order to dismiss in substantially the same form as Exhibit 2.

### RELIEF REQUESTED

The parties therefore request that the Court enter an order approving their settlement agreement in substantially the same form as Exhibit 3.

| LISA GALVIN AND<br>ERNIE BONIFACE | AIRWAY AUTO LLC<br>(d/b/a Airway Auto and Recycling) |
|---|---|
| By:  /s/  Mark S. Wilkinson | By:  /s/  Robb S. Krueger (with consent) |
| Mark S. Wilkinson (P68765)<br>*Attorney for Plaintiffs* | Robb S. Krueger (P66115)<br>*Attorney for Defendant* |
| Dated:  June 1, 2020 | Dated:  June 1, 2020 |